Compile Law ✗

# IN THE SUPERIOR COURT
# OF GUAM



THE PEOPLE OF GUAM,    )  CRIMINAL CASE No. CF 0220-12

           )

    v.       )

           )  **DECISION AND ORDER**

           )  On Defendant's Motions to Dismiss

ELLE ROKOP,      )

           )

      Defendant. )

           )

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on August 29, 2012 on Defendant's Motion to Dismiss the First Charge of the Indictment, Motion to Dismiss Due to Prejudicial Statements, and Motion to Dismiss Due to Failure to Provide Exculpatory Evidence. The People of Guam were represented by Assistant Attorney General Christina Lum. The Defendant was represented by Assistant Public Defender Maria Fitzpatrick. Having reviewed the memorandum and papers presented, the court now issues the following decision granting the Defendant's Motion to Dismiss First Charge of the Indictment and denying the Motions to Dismiss for Prejudicial Statements and Failure to Provide Exculpatory Evidence.

## FACTUAL HISTORY

The Defendant was indicted on one count of *Aggravated Assault* as a third degree felony and one count of *Family Violence* as a misdemeanor. The charges stem from an incident that allegedly occurred between the Defendant and her boyfriend on the morning of April 3, 2012. On that day, the Defendant and her boyfriend are said to have gotten in an argument which resulted in her throwing a metal spoon at him. The spoon allegedly struck the victim behind his ear and caused bleeding. The victim then picked up the spoon, threw it away, left the house,

and called the police.

The Defendant has filed a Motion to Dismiss challenging the indictment handed down by the Grand Jury. The Defendant specifically argues that the first charge of the indictment, the charge of felony *Aggravated Assault*, was based on insufficient evidence. The Defendant also argues that the indictment should be dismissed based upon prejudicial statements made to the Grand Jury, as well as the prosecutor's failure to provide the Grand Jury with exculpatory evidence. For the reasons discussed below, this Court holds that there was insufficient evidence to warrant a charge of felony *Aggravated Assault*. This Court further holds that that the allegedly prejudicial statements were not inadmissible and do not warrant dismissal of the indictment. Finally, the Defendant has not met the burden of proving that the evidence that the prosecutor failed to present to the grand jury is in fact "exculpatory."

### DISCUSSION

The Defendant has been indicted on charges of *Aggravated Assault* as a third degree felony and *Family Violence* as a misdemeanor. The Defendant now seeks to have both charges dismissed; arguing that the underlying grand jury indictment is flawed. On July 12, 2012, the Defendant filed two separate motions. The first motion contained two arguments asking the Court to dismiss the first charge of the indictment, or in the alternative, to dismiss the entire indictment due to prejudicial statements. The second motion asked the Court to dismiss the indictment based upon the argument that the prosecutor failed to present exculpatory evidence. For all three motions, the People timely filed an opposition.

### I. *The First Charge of the Indictment*

The first charge of the indictment alleges that the Defendant committed *Aggravated Assault* as a third degree felony. In returning a true bill on the first charge, the Grand Jury states

to the court that "from the evidence presented there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it." 8 G.C.A. §50.54(b) (2008). The Grand Jury's conclusion is based upon their understanding of the law as presented to them by the Prosecutor.

*Aggravated Assault* can be charged as either a misdemeanor or a felony. In order for an individual to be properly charged with *Aggravated Assault* as a third degree felony, the incident that forms the basis of the alleged crime must involve either "(2) serious bodily injury to another [or] (3) bodily injury to another with a deadly weapon." 9 G.C.A. §19.20(b). Here, the Defendant has been charged pursuant to 9 G.C.A. §19.20(a)(3) – bodily injury to another with a deadly weapon. The alleged deadly weapon is the metal spoon that the Defendant is said to have thrown at the back of her boyfriend's head.

Based upon the facts presented, the metal spoon does not constitute a deadly weapon. A deadly weapon is: "any firearm, or other weapon, device, instrument, material or substance, whether animate or inanimate, which in the manner it is used or is intended to be used is known to the defendant to be *capable of producing death or serious bodily injury.*" 9 G.C.A. §16.10(d) (emphasis added). Based upon the statutory definition, the metal spoon only becomes a deadly weapon when "in the manner it is used. . .[it is] capable of producing death or serious bodily injury." The Defendant's alleged throwing of the metal spoon at the back of her boyfriend's head was not "capable of producing death." Nor did she produce serious bodily injury which is statutorily defined as "injury which creates: serious permanent disfigurement; a substantial risk of death or serious, permanent disfigurement, severe or intense physical pain or protracted loss or impairment of consciousness or of the function of any bodily member or organ." ." 9 G.C.A. §16.10(c). While the Defendant argues that the victim's injury is a mere "abrasion" and the

People argue that it can be viewed as a "laceration," neither description comes close to meeting the statutory definition of "serious bodily injury." Based upon the facts of the case, there is insufficient probable cause to find that the metal spoon was used as a deadly weapon.

**II. *Prejudicial Statements***

The Defendant argues that the indictment should be dismissed because of allegedly prejudicial statements made by a police officer during the grand jury hearing. The Officer who testified at the hearing was recorded as saying that both the Defendant and her boyfriend were "regular customers" and that he had encountered the couple more than once at the Dededo police station. The Defendant argues that these statements are prejudicial and misleading to the grand jury in that the statements incorrectly imply that the Defendant "is a repeat offender."

The potentially prejudicial statements, which the Prosecutor correctly instructed the jury to ignore, do not warrant dismissing the indictment. The rules of evidence, which may require weighing the probative value of the testimony versus any potential prejudice, do not apply to grand jury proceedings. For this reason, Guam law has upheld an indictment based entirely upon hearsay testimony. *People v. Quidachay,* D.C. Crim. 85-00067A (1986). The law requires only that the grand jury receive "competent evidence" and explicitly states that "the fact that evidence which is incompetent was received by the grand jury does not render the indictment void." 8 G.C.A. §50.42 (1980).

**III. *Failure to Provide Exculpatory Evidence***

Dismissal of a grand jury indictment based upon the failure to provide exculpatory evidence is rare. The U.S. Supreme Court has made clear that, as a general rule, a grand jury indictment will not be invalidated based upon a prosecutor's failure to present certain evidence. *U.S. v. Williams,* 504 U.S. 36, 54 (1992) (explaining that imposing a legal obligation to present

exculpatory evidence in the prosecutor's possession would be incompatible with the grand jury system). Some states have distinguished this precedent by finding a requirement to provide exculpatory evidence based upon statute. California law, which served as the basis for Guam's grand jury statute, requires prosecutors to provide exculpatory evidence because the statute authorizes the grand jury "to weigh all the evidence submitted to them, and when they have reason to believe that other evidence within their reach will explain away the charge, they should order such evidence to be produced." *Johnson v. Superior Court*, 539 P.2d 792, 796 (1975).

Guam statutory law does place a duty upon the prosecutor to disclose exculpatory evidence. 8 G.C.A. §50.46. The law specifically requires that "the prosecuting attorney shall submit any evidence in his possession which would tend to negate guilt." In the case at hand, the Prosecutor did not provide the grand jury with the report of the medic who treated the victim after the alleged altercation. The Defendant argues that this report demonstrates that the victim's injuries were not serious and as such "tends to negate guilt." The People counter that report does not contain exculpatory evidence as it does not "explain away the charge presented to the grand jury."

The medic's report is not exculpatory evidence. Exculpatory evidence is that evidence which tends to "negate the guilt of the defendant or tend to reduce his punishment." *People v. Orallo*, 2004 Guam 5. Neither party disputes that the Defendant hit the victim with the spoon. The only fact at issue is whether the spoon caused a more serious or a more minor injury. The medic's report potentially speaks to this fact and lends weight to the Court's decision to dismiss the third-degree felony *Aggravated Assault* charge. The report does not, however, provide evidence that the Defendant did not injure the victim or that the Defendant failed to cause "bodily injury to another family or household member" in accordance with the remaining charge for misdemeanor

*Family Violence*. Guam law provides an example of the type of exculpatory evidence that must be provided, explaining that "Evidence known to the prosecutor that would indicate defendant was elsewhere at the time the crime was alleged to have been committed is the sort which must be presented to the Grand Jury." 8 G.C.A. §50.46 (citing *People v. Sablan*, D.C. Cr. 85-0024A (1986)). The medic's report, which speaks to the severity of the victim's injuries, is not the type of evidence the statute sought to include within the definition of "exculpatory".

## CONCLUSION

Based on the foregoing, the court finds that there is insufficient probable cause to uphold the first charge of *Aggravated Assault* as a third degree felony. Accordingly, the court GRANTS the Defendant's Motion to Dismiss the First Charge of the Indictment. The court does not find sufficient grounds to establish that the potentially prejudicial statements made to the grand jury are inadmissible. Similarly, the medic's report, which was not presented to the grand jury, cannot be defined as exculpatory evidence. Accordingly, the Motion to Dismiss Due to Prejudicial Statements and the Motion to Dismiss Due to Failure to Provide Exculpatory Evidence are DENIED. Trial setting is hereby scheduled for _Oct. 7,_ , 2012 at 9:00am.

SO ORDERED, this _27_ day of September 2012.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

Page 6 of 6